IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00335-RJC
(3:00-cr-00140-RJC-1)

| | |
|---|---|
| JERRY THRASHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on consideration of Respondent's motion to stay the disposition of Petitioner's § 2255 Motion to Vacate. (Doc. No. 3: Motion to Stay). Petitioner does not oppose the motion.

In his § 2255 Motion to Vacate, Petitioner challenges his designation as a career offender under § 4B1.2 of the U.S. Sentencing Guidelines Manual, relying on the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015), in which the Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after concluding that it violated due process because it was unconstitutionally vague.

In the motion to stay, Respondent cites the case of Beckles v. United States, No. 15-8544, which is pending before the Supreme Court in which the Court will consider whether the Johnson Court's conclusion regarding the residual clause of the ACCA should apply to the residual clause of the career offender guideline, and if so, whether Johnson should apply retroactively on collateral review. The Court is also considering the issue of whether possession of a sawed-off shotgun is a crime of violence under the Guidelines.

Respondent also cites as a reason to stay this proceeding the cases of United States v. Ali,

1

No. 15-4433 (4th Cir.) and United States v. Simms, No. 15-4640 (4th Cir.), which are pending before the Fourth Circuit and consider whether the residual clause of 18 U.S.C. § 924(c) that defines a "crime of violence" is still constitutional following the Johnson decision.

Because resolution of the issues involved in the Beckles, Ali, and Simms cases may have a bearing on the disposition of the issues in Petitioner's case, the Court will grant Respondent's motion.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay is **GRANTED**, (Doc. No. 3), and Respondent shall have 60-days from the date the cases of Beckles, Ali, and Simms are decided to file a response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: December 19, 2016

Robert J. Conrad, Jr.
United States District Judge